[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICTAS TO DAMAGES ONLY AND FOR ADDITUR
CT Page 3024
The jury in this case rendered a verdict in favor of the plaintiff against the defendant in the amount of $21,000 for economic damages, and zero noneconomic damages reduced by plaintiff's contributory negligence to $14,700. The issue to be decided is whether an additur is to be ordered to award noneconomic damages.
The plaintiff claimed special damages of $16,000 in medical bills, and future medical bills for surgical repair of a torn rotator cuff of at least $8000. In addition, the plaintiff claimed lost income from December 21, 1991 to January 1, 1995. This claim for lost wages was clouded by the fact that the plaintiff was receiving social security disability payments during the same period and his claim was only based on his own testimony.
The amount of the jury's award, in the court's opinion, had to include the bills not only for the laceration to the forehead and the bruised ribs, but also for some portion of the bills for plaintiff's torn rotator cuff. Thus, the jury's award was for substantial economic damages that they found were the result of plaintiff's injury to his head, ribs and rotator cuff. Thus, the question of liability had to be found in favor of the plaintiff. Liability does not appear to be in doubt with an award of $21,000 of $24,000 of special damages claimed excluding the tenuous lost income claim.
After a review of the case of Childs v. Bainer, 235 Conn. 107
and its analysis of the various cases addressing the issue of the appropriateness of granting a motion for additur in a case where no award is made for noneconomic damages by a jury, it would appear to this court that the award in this case is manifestly inadequate since the jury's award was substantial but did not exceed the plaintiff's special damages and cannot be interpreted as including an award for noneconomic damages.
For the foregoing reasons, having heard the evidence relating to plaintiff's claim for noneconomic damages and weighing the credibility of the witnesses relating to noneconomic damages, the court orders an additur of $20,000 reduced by plaintiff's contributory negligence of 30 percent to $14,000. If said additur is not accepted by the parties in accordance with the terms of General Statutes § 52-228b, then a new trial is ordered CT Page 3025 limited to damages only, liability and contributory negligence having been determined.
Stodolink, J.